UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WESLEY WILEY,<br><br>　　　　Petitioner,<br><br>LUIS MARTINEZ, Warden,<br><br>　　　　Respondent. | NO. EDCV 23-1463-GW (AGR)<br><br>**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED** |

　　　　On February 8, 2023, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, in the Northern District of California.  (Dkt. No. 1.)[1]  The Petition was transferred to the Central District of California by Order dated July 24, 2023.  (Dkt. No. 16.)

　　　　Petitioner contends that he is subject to an unlawful sentence and requests resentencing.  (Petition at 5-6.)  On the face of the Petition, it appears Petitioner's claims are both unexhausted and not cognizable on federal habeas review.  Absent further explanation from Petitioner, the Petition is subject to dismissal.

---

　　　　[1] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

# I.

# **PROCEDURAL HISTORY**

The court takes judicial notice of the available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

On January 7, 2021, Petitioner was convicted of first-degree robbery in violation of Cal. Penal Code § 211 in Riverside County Superior Court. (Petition at 1 (Case No. RIF 2002650). Petitioner states that he received a five year suspended sentence. (*Id.* at 2.) However, according to the publicly available docket for Case No. RIF 202650, Petitioner was sentenced to three years probation on his conviction.

Petitioner was later arrested on a violation of probation and was sentenced on March 14, 2022.[2] An amended abstract of judgment was filed on August 29, 2022, following a letter filed by the California Department of Corrections & Rehabilitation ("CDCR"). Although the length of the challenged sentence is unclear, Petitioner is presently in the custody of the CDCR, which lists January 2025 as Petitioner's parole eligibility date. (*See* http://inmatelocator.cdcr.ca.gov/.)

Petitioner did not pursue direct appeal. Although the Petition indicates that Petitioner filed an appeal (Petition at 2-3), the case referenced in the Petition is actually a state habeas action filed in the California Court of Appeal.

According to the California Appellate Case Information database, on September 28, 2022 Petitioner filed a state habeas petition in the California Court of Appeal with a motion to compel, temporary restraining order, and preliminary injunction. The petition was summarily denied on January 3, 2023. (*See* http://appellatecases.courtinfo.ca.gov (Case No. E079866).)

---

[2] (*See* http://public-access.riverside.courts.ca.gov/OpenAccess/CaseSearch.asp.)

## II.

## DISCUSSION

### A.  Exhaustion

As a threshold matter, federal habeas relief is generally not available unless the petitioner has first exhausted his state remedies.  *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  A habeas petition brought by a person in state custody cannot be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

To exhaust state remedies, a petitioner must fairly present his contentions to the California Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

The Petition does not state that Petitioner has ever presented his grounds for relief before the California Supreme Court.  (*See* Petition at 2-3).  According to the California Appellate Courts Case database, no matter associated with Petitioner's name has been filed in the California Supreme Court.  (*See* https://appellatecases.courtinfo.ca.gov.)  Thus, the Petition appears to be unexhausted.

### B.  Cognizability

Federal habeas review is limited to deciding whether a judgment violates the Constitution, laws, or treaties of the United States.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Generally, a claim involving only the application or interpretation of California law is not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted) (An error of state law alone "'is not a denial of due process.'").  To raise a cognizable claim based on a purported state sentencing error, Petitioner must show that the error was "so arbitrary or capricious as to constitute an independent

due process . . . violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether prior conviction was serious felony within meaning of state statutes does not raise federal question). A habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Petitioner appears to assert three grounds for relief in the Petition based on the same theory. California Senate Bill 1393[3] amended Cal. Penal Code sections 667(a) and 1385(b) to "allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes." *People v. Garcia*, 28 Cal. App. 5th 961, 971 (Cal. App. 2018). It went into effect on January 1, 2019, years before Petitioner's conviction and sentence. Petitioner appears to contend that the court should have considered all of its sentencing choices under Senate Bill 1393 when he was resentenced on August 29, 2022 following the filing of the CDCR's letter. (Petition, Dkt. No. 1 at 5.)

Petitioner's grounds for relief are not cognizable on federal habeas review. Petitioner does not invoke any federal basis for his sentencing arguments. Federal habeas relief is not available for a state court's alleged abuse of discretion in applying state sentencing law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (denying claim that court misapplied state aggravating circumstance statute; "federal habeas corpus relief does not lie for errors of state law"). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th

---

[3] Although Petitioner also cites California Senate Bill 1392, that bill concerns aquaculture facilities regulation, and has nothing to do with sentencing. Petitioner may have meant to refer to Senate Bill 483 which invalidated certain enhancements imposed before January 1, 2020. *See People v. Burgess*, 86 Cal. App. 5th 375, 380 (2022).

4

Cir. 1989) (rejecting challenge to application of sentence enhancement as not cognizable on federal habeas review); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("state court's interpretation of its [sentencing] statute does not raise a federal question").  The Petition does not allege that any fundamental unfairness occurred based on the state court's exercise of discretion regarding, or application of, state sentencing laws.

Whether the state court abused its discretion under SB 1393 or a recently enacted state sentencing provision is solely a matter of California state law and does not implicate a federal constitutional right.  *Revis v. Diaz*, 2021 U.S. Dist. LEXIS 162832, *5 (C.D. Cal. Aug. 26, 2021) ("claim seeking sentencing relief under Senate Bill 1393 is purely a state law matter and does not present any federal question" and "is not cognizable in a federal habeas action"); *Burchett v. Martel*, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) (claim of entitlement to S.B. 1393 relief implicates state law only), *accepted by* 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); *see also Carter v. Broomfield*, 2023 U.S. Dist. LEXIS 149586, *10-*11 (C.D. Cal. June 5, 2023) (claim that state court failed to consider all discretionary options under SB 1393 was not cognizable under federal habeas review).

Accordingly, the Petition does not appear to present a claim cognizable on federal habeas review.

5

## III.

## ORDER

The court orders Petitioner to show cause, in writing, on or before ***November 17, 2023***, why the court should not recommend dismissal of the Petition. If Petitioner does not respond to this Order to Show Cause, the court will recommend that the District Court dismiss the Petition for Writ of Habeas Corpus with prejudice.

DATED: October 16, 2023

                                      ALICIA G. ROSENBERG
                                  United States Magistrate Judge